# COURT OF APPEALS OF VIRGINIA

## Record No. 0800-25-4

### SIMONE P. PARKER
v.
### ENTERPRISE TRADING INC.

Present: Judges O'Brien, Causey and Bernhard
Argued at Fairfax, Virginia

Opinion Issued July 28, 2026

### FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Michael E. Levy, Judge

Simone P. Parker, *pro se*.

No brief or argument for appellee.

## PUBLISHED OPINION BY
## JUDGE MARY GRACE O'BRIEN

Simone P. Parker, *pro se*, appeals the circuit court's order that, following Enterprise

Trading Inc.'s (Enterprise) appeal from a general district court judgment in Parker's favor,

dismissed the case under Code § 16.1-106.1(D), entered judgment for Enterprise, and ordered the

$6,050 appeal bond returned to Enterprise. On appeal, Parker argues that the circuit court erred

by dismissing the case and entering judgment for Enterprise under Code § 16.1-106.1(D), by

denying her motion to reconsider, which violated her due process rights, and by denying her

proposed statement of facts. Because the court erroneously applied Code § 16.1-106.1(D) to

dismiss the case, we reverse and remand.[1]

---

[1] "The doctrine of judicial restraint dictates that generally [appellate courts] decide cases 'on the best and narrowest grounds available.'" *Thomas v. Commonwealth*, 303 Va. 188, 198 (2024) (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010)). Given our resolution of Parker's appeal, we do not reach her arguments concerning her other assignments of error.

BACKGROUND

Parker filed a warrant in debt against Enterprise in the Stafford County General District Court. After a hearing, the general district court awarded her $6,050. Enterprise appealed to the circuit court for a trial de novo. *See* Code § 16.1-106(A).

At the January 30, 2025 term day, the circuit court set a trial date. In mid-February 2025, the court sent a notice to the parties that the case had been scheduled for trial "on April 15, 2025, at 9:00 a.m. in Courtroom #1." The notice also advised the parties to be "present and ready to try this case at the hearing." A month before trial, Parker requested permission for a witness to appear virtually, and the circuit court provided her with a copy of the Virginia Supreme Court Rule about remote testimony.

Parker did not appear in Courtroom #1 for trial at 9:00 a.m. on April 15. The court called the case at 9:20 a.m., and only Enterprise and a language interpreter were present. At 9:35 a.m., Parker still had not appeared, and the court dismissed the case under Code § 16.1-106.1(D)[2] and entered judgment for Enterprise.

A few days later, Parker moved the court to reconsider its decision and to reset the matter for trial. According to Parker, she never intended to miss the trial because she had attended every prior hearing, including term day, spent hours traveling to the courthouse over the course of the litigation, and had inquired about remote witness testimony during trial preparation. She asserted that she had arrived at the courthouse early "and was accidentally given incorrect information about what courtroom to attend" when she asked an officer at the information desk for directions. Around 9:10 a.m., after watching two criminal matters, she realized that no one looked familiar, left the courtroom, "and start[ed] asking around [for] the correct room." Parker

---

[2] Code § 16.1-106.1(D) states that "[i]f a party who has appealed a judgment . . . of a district court fails to appear in circuit court . . . on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn."

explained that she found the correct courtroom at 9:25 a.m. She contended that "[i]t would be a miscarriage of justice" to dismiss the case because of this "misunderstanding," as there is a preference for deciding cases on the merits, and Enterprise would suffer only "minimal prejudice."

The circuit court denied Parker's motion without a hearing. The court ruled that "[t]he matter was in Circuit Courtroom One, so the direction given was correct" and noted that "[t]he General District Court had already tried the case." It also observed that Parker had not taken the proper steps for a witness to appear via video. The court reiterated that Enterprise and the interpreter had "found the correct courtroom and incurred . . . expenses for the day of trial" and the judge, court staff, and a court reporter were also present.

ANALYSIS

We first address preservation. *See* Rule 5A:18. The circuit court dismissed the case on Enterprise's oral motion, in Parker's absence, so Parker had no opportunity to object when the ruling was made. The absence of a contemporaneous objection does not bar her appeal. Code § 8.01-384(A). She argues here that dismissal under Code § 16.1-106.1(D) must be reserved "for parties who abandon their appeal." The issue is properly before us.

Parker's appeal requires us to construe Code § 16.1-106.1(D). "Issues of statutory construction are questions of law which [appellate courts] review de novo." *McKee Foods Corp. v. County of Augusta*, 297 Va. 482, 495 (2019). "[W]e must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." *Smith v. Commonwealth*, 66 Va. App. 382, 387 (2016) (alteration in original) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 48 (2011)). "Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction

which amounts to holding the legislature did not mean what it has actually expressed." *Id.* (quoting *Crislip v. Commonwealth*, 37 Va. App. 66, 71-72 (2001)).

Code § 16.1-106.1(D) states that "[i]f a party *who has appealed* a judgment . . . of a district court fails to appear in circuit court . . . on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn." (Emphasis added). Stated otherwise, if an appealing party fails to appear for trial, the circuit court has discretion to treat the appeal as withdrawn, which would reinstate the general district court's judgment. *See Wal-Mart Stores E., LP v. State Corp. Comm'n*, 299 Va. 57, 70 (2020) (holding that a statute's use of the word "may" provides "a broad[] grant of discretionary authority"); *see also Leidel v. Leidel*, No. 0592-23-1, slip op. at 6 (Va. Ct. App. Feb. 4, 2025) ("Code § 16.1-106.1(D) grants a circuit court broad discretionary authority to treat an appeal from a district court as withdrawn when the party who appealed does not appear for trial in the circuit court.").[3]

By its plain language, Code § 16.1-106.1(D) authorizes dismissal when the "party who has appealed" fails to appear for trial.[4] The language "party who has appealed" is plain and definite; it means the appealing party. *Smith*, 66 Va. App. at 387; Code § 16.1-106.1(D). Here, Enterprise was the appealing party, not Parker, and Enterprise was present for trial. Parker, the non-appealing party, was missing. Because Parker was the non-appealing party, the court erred in dismissing the case under Code § 16.1-106.1(D).[5]

---

[3] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value. Rule 5A:1(f)." *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012).

[4] Code § 16.1-106.1(D) also addresses when "no party appears for trial," which is not at issue here.

[5] We note that even if Parker had been the appealing party, the statute would not support the entered order. Subsection D authorizes only an order treating the appeal as withdrawn and disposing of the case pursuant to the district court's judgment. Code § 16.1-106.1(D), (E). A proper disposition under the statute thus would have reinstated the district court's judgment in Parker's favor, not entered judgment for Enterprise.

Our holding is narrow. We decide only that Code § 16.1-106.1(D), which permits a circuit court to treat an appeal as withdrawn when the appealing party fails to appear, did not authorize dismissing Parker's case and entering judgment for Enterprise. We do not foreclose other options available to a circuit court when a plaintiff who did not appeal fails to appear for a trial de novo. These other options are matters committed to the circuit court's discretion, which the court has not exercised and for which the court has not made the prerequisite findings.

CONCLUSION

For these reasons, we reverse the circuit court's judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*